IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELIXIS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MSN LABORATORIES PRIVATE LIMITED and MSN PHARMACEUTICALS, INC.<br><br>Defendants. | C.A. No. 25-346-RGA |

**MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants MSN Laboratories Private Ltd. ("MSN Laboratories") and MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") (collectively, "MSN"), by and through the undersigned attorneys, respond to Exelixis, Inc.'s ("Exelixis" or "Plaintiff") Complaint for Patent Infringement as follows:

Pursuant to Fed. R. Civ. P. 8(b)(3), MSN denies all allegations in Plaintiff's complaint, except those expressly admitted below.

1. MSN admits that Plaintiff's Complaint against MSN is for infringement of United States Patent Nos. 12,128,039 (the "'039 patent") arising under the Patent Laws of the United States, 35 U.S.C. § § 100 as well as the Declaratory Judgment Act, 28 U.S.C. §§2201-02, but denies that Plaintiff is entitled to any such relief. MSN further admits that it submitted an Abbreviated New Drug Application ("ANDA") No. 213878 seeking U.S. Food and Drug Administration ("FDA") approval to market a generic cabozantinib product, which Plaintiff markets as a product called CABOMETYX®, prior to the expiration of the '039 patent. MSN denies any remaining allegations in paragraph 1.

## PARTIES

2. On information and belief, MSN admits Exelixis's state of incorporation and business address. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 and, therefore, denies those allegations.

3. MSN admits that MSN Laboratories Private Limited ("MSN Laboratories") is a Private Limited company organized and existing under the laws of India, with a principal place of business at MSN House, Plot No.: C-24, Industrial Estate, Sanath Nagar, Hyderabad, Telangana, India, 500018.

4. MSN admits that MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854. MSN admits that MSN Pharmaceuticals is a wholly owned subsidiary of MSN Laboratories.

5. MSN admits that MSN Laboratories is in the business of developing and manufacturing pharmaceutical products for distribution throughout the United States. MSN denies any remaining allegations of paragraph 5.

6. MSN admits that MSN Pharmaceuticals is in the business of importing and distributing pharmaceutical products for sale and use throughout the United States. MSN denies any remaining allegations of paragraph 6.

7. MSN admits the allegations contained in paragraph 7.

8. Paragraph 8 contains conclusions of law for which no response is required. To the extent a response is required, MSN states that MSN Pharmaceuticals is the U.S. Agent for MSN Laboratories. MSN denies any remaining allegations contained in paragraph 8.

9. MSN admits that it seeks FDA approval of ANDA No. 213878. MSN further admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA

No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 9.

**JURISDICTION AND VENUE**

10. Paragraph 10 contains conclusions of law for which no response is required. To the extent a response is required, MSN admits that this action cites the patent laws of the United States generally. MSN does not contest that this Court has jurisdiction over the subject matter of this action against MSN for the purposes of the asserted patents in this action only.

11. Paragraph 11 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 11.

12. Paragraph 12 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that it intends to offer to sell and/or sell MSN's ANDA product that is the subject of ANDA No. 213878 throughout the United States. MSN denies any remaining allegations contained in paragraph 12.

13. Paragraph 13 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only. MSN admits that MSN Pharmaceuticals is a corporation organized and existing under the laws of Delaware, with a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854. MSN denies any remaining allegations contained in paragraph 13.

14. Paragraph 14 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest that this Court has personal jurisdiction for the purposes of this action only.

15. MSN admits that it has previously filed counterclaims in this forum. MSN denies any remaining allegations contained in paragraph 15.

16. Paragraph 16 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest venue for the purposes of this action only. MSN admits that MSN Pharmaceuticals is a corporation organized and existing under the laws of Delaware. MSN denies any remaining allegations contained in paragraph 16.

17. Paragraph 17 contains conclusions of law for which no response is required. To the extent a response is required, MSN does not contest venue for the purposes of this action only. MSN admits that MSN Laboratories is not a resident of the United States. MSN denies any remaining allegations contained in paragraph 17.

## BACKGROUND

18. MSN admits that the USPTO issued the ’039 patent entitled “Processes for Preparing Quinoline Compounds and Pharmaceutical Compositions Containing Such Compounds” on October 29, 2024, but specifically denies the patent was duly and legally issued. MSN admits that the USPTO’s assignment database lists Exelixis as the assignee of the ’039 patent. MSN admits that a purported copy of the ’039 patent was attached to Exelixis’s Complaint as Exhibit A. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 18 and, therefore, denies those allegations.

19. MSN admits that the FDA’s Orange Book states that New Drug Application No. 208692 covers CABOMETYX®, and the CABOMETYX® label further indicates that CABOMETYX® (cabozantinib) is a tyrosine kinase inhibitor, for oral administration, for the

treatment of patients with advanced renal cell carcinoma, patients with hepatocellular carcinoma who have been previously treated with the medicine sorafenib, and adult and pediatric patients 12 years of age and older with locally advanced or metastatic differentiated thyroid cancer that has progressed following prior VEGFR-targeted therapy and who are radioactive iodine-refractory or ineligible. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 19 and, therefore, denies those allegations.

20. MSN admits that, as of the date of this Answer, the ’039 patent is listed in the FDA’s Orange Book in connection with CABOMETYX®. MSN denies any remaining allegations contained in paragraph 20.

21. MSN admits that, as of the date of this Answer, the ’039 patent is listed in the FDA’s Orange Book in connection with CABOMETYX®. MSN denies any remaining allegations contained in paragraph 21.

22. MSN admits to having sent a Notice Letter dated February 5, 2025. MSN states the letter speaks for itself and no further answer is required. To the extent a response is required, MSN admits that it submitted ANDA No. 213878 to the FDA for generic cabozantinib s-malate tablets, 20 mg, 40 mg, and 60 mg. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22 and, therefore, denies those allegations.

23. Paragraph 23 contains conclusions of law for which no response is required. To the extent a response is required, MSN admits that the MSN ANDA product is bioequivalent to CABOMETYX®. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 23 and, therefore, denies those allegations.

24. MSN admits to having sent a Notice Letter dated February 5, 2025. MSN states the letter speaks for itself and no further answer is required. To the extent a response is required, MSN admits that its ANDA included a paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the '039 patent and alleged that the '039 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, or sale of the MSN ANDA Product. MSN denies any remaining allegations contained in paragraph 24.

25. MSN admits that ANDA No. 213878 contains a Paragraph IV certification for the '039 patent. MSN denies any remaining allegations contained in paragraph 25.

26. MSN lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 and, therefore, denies those allegations.

27. Paragraph 27 contains conclusions of law for which no response is required. To the extent a response is required, MSN states that it does not intend to contest the timeliness of the filing of this complaint upon receipt of MSN's Notice Letter.

## CLAIMS FOR RELIEF
## COUNT I: INFRINGEMENT OF US PATENT NO. 12,128,039

28. MSN incorporates its responses to each of the preceding paragraphs 1-27 as if fully set forth herein.

29. MSN admits that the filing of its ANDA with a Paragraph IV certification constitutes an artificial act of infringement under 35 U.S.C. § 271(e)(2)(A). MSN denies any remaining allegations contained in paragraph 29.

30. MSN denies the allegations contained in paragraph 30.

31. MSN denies the allegations contained in paragraph 31.

32. Paragraph 32 contains conclusions of law for which no response is required. To the extent a response is required, MSN admits the allegations of this paragraph.

33. MSN denies the allegations contained in paragraph 33.

34. MSN denies the allegations contained in paragraph 34.

35. MSN denies the allegations contained in paragraph 35.

## PRAYER FOR RELIEF

MSN denies that Exelixis is entitled to any of the relief requested in its Prayer for Relief or to any relief whatsoever, including those specifically requested as against MSN.

## MSN'S AFFIRMATIVE DEFENSES

Further answering the Complaint, MSN asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. MSN reserves the right to amend this Answer with additional defenses as further information is obtained in discovery. MSN asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

## FIRST AFFIRMATIVE DEFENSE
**(Invalidity)**

The '039 patent and each of the claims thereof are invalid for failure to comply with one or more conditions for patentability set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidation.

## SECOND AFFIRMATIVE DEFENSE
**(Obviousness-Type Double Patenting)**

The '039 patent and each of the claims thereof are invalid for obviousness-type double patenting.

**THIRD AFFIRMATIVE DEFENSE**
**(No Direct Infringement)**

MSN does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’039 patent. If the product that is the subject of ANDA No. 213878 were marketed, MSN would not infringe any valid and enforceable claim of the ’039 patent.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Indirect Infringement)**

MSN has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the ‘039 patent. If the product that is the subject of ANDA No. 213878 were marketed, MSN would not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the ‘039 patent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

By virtue of the prosecution proceedings before the United States Patent and Trademark Office of the patent applications leading to the ‘039 patent, Plaintiff is estopped from maintaining that any valid or enforceable claims of the ‘039 patent are infringed by the product that is the subject of MSN’s ANDA No. 213878.

**SIXTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim for relief against MSN.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

The Complaint fails to state a claim for relief against MSN for an exceptional case under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

MSN has not willfully infringed any claim of the '039 patent.

**NINTH AFFIRMATIVE DEFENSE**

Any additional defenses that discovery may reveal.

WHEREFORE, Defendant MSN respectfully requests that Plaintiff takes nothing by way of its Complaint, that judgment be entered in favor of MSN, that MSN be awarded its attorneys' fees and costs, and all other just and proper relief.

**MSN LABORATORIES PRIVATE LTD. AND MSN PHARMACEUTICALS INC.'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

1. For their counterclaim against Exelixis, Inc. ("Exelixis"), Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc. (together, "Counterclaim Plaintiffs" or "MSN") state as follows:

**THE PARTIES**

2. MSN Laboratories Private Ltd. ("MSN Laboratories") is a company organized and existing under the laws of India, having a principal place of business at Plot #C-24, Industrial Estate, Sanathnagar Hyderabad-18 Telangana, India.

3. MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") is a Delaware corporation having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

4. On information and belief, Exelixis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1851 Harbor Bay Parkway, Alameda, California 94502.

## JURISDICTION AND VENUE

5. These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Exelixis because it is a corporation organized and existing under the laws of the State of Delaware. This Court also has personal jurisdiction over Exelixis on the basis of, *inter alia*, its contacts with Delaware relating to the subject matter of this action, including having filed this suit.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

8. Upon information and belief, Exelixis holds approved New Drug Application ("NDA") No. 208692 for cabozantinib s-malate tablets, which Exelixis markets and sells, directly or indirectly, under the trade name CABOMETYX® in the United States, including this judicial district, in oral tablets having 20 mg, 40 mg, and 60 mg dosage strengths.

9. An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. *See* 21 U.S.C. § 355(b)(1), -(c)(2); 21 C.F.R. § 314.53(b), -(c)(2).

10. Upon approval of the NDA, the U.S. Food and Drug Administration ("FDA") publishes patent information for the approved drug in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

11. U.S. Patent No. 12,128,039 ("the '039 patent"), entitled "Processes for Preparing Quinoline Compounds and Pharmaceutical Compositions Containing Such Compounds" (Exhibit A hereto), was issued by the United States Patent & Trademark Office on October 29, 2024.

12. On information and belief, Exelixis purports to be the owner of all right, title, and interest in the '039 patent.

13. Upon information and belief, the '039 patent is a continuation of application No. 18/462,739, filed on September 7, 2023, which is a continuation of application No. 17 /679,634, filed on February 24, 2022, now abandoned, which is a continuation of application No. 17/170,275, filed on February 8, 2021, now Pat. No. 11,298,349, which is a continuation of application No. 17/152,394, filed on January 19, 2021, now abandoned, which is a continuation of application No. 16/706,323, filed on December 6, 2019, now abandoned, which is a division of application No. 16/151,653, filed on October 4, 2018, now Pat. No. 10,543,206, which is a division of application No. 15/348,716, filed on November 10, 2016, now Pat. No. 10,123,999, which is a division of application No. 13/984,559, filed as application No. PCT/US2012/024591 on February 10, 2012, now Pat. No. 9,717,720.

14. Upon information and belief, Exelixis caused the '039 patent to be listed in the Orange Book in connection with CABOMETYX®, a drug for which Exelixis submitted NDA No 208692.

15. MSN submitted Abbreviated New Drug Application ("ANDA") No. 213878 to obtain FDA approval to engage in the commercial manufacture, use, and sale of cabozantinib S-malate tablets, 20 mg, 40 mg, and 60 mg ("MSN's ANDA Products") prior to the expiration of the '039 patent.

16. MSN's ANDA No. 213878 contains a "Paragraph IV" certification under 21 U.S.C. § 505(j)(2)(A)(vii)(IV) that the '039 patent is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Products.

17. By letter dated February 5, 2025, pursuant to 21 U.S.C. § 355(j)(2)(B), MSN notified Exelixis that ANDA No. 213878 includes a Paragraph IV Certification with respect to the '039 patent. The MSN February 5, 2025 Notice Letter, which is incorporated herein by reference, contained a detailed statement of the factual and legal bases for MSN's Paragraph IV Certification that the claims of the '039 patent are invalid, not infringed, and/or unenforceable. MSN also enclosed an Offer of Confidential Access to MSN's ANDA in accordance with 21 U.S.C. § 505(j)(5)(C)(i)(III) to allow Exelixis the opportunity to review the relevant portions of MSN's ANDA.

18. On March 19, 2025, Exelixis filed this instant lawsuit alleging infringement of the '039 patent.

19. By maintaining the Orange Book listing of the '039 patent in connection with CABOMETYX®, Exelixis continues to represent that the '039 patent could reasonably be asserted against anyone making, using, or selling a generic cabozantinib s-malate tablets without a license from Exelixis.

20. MSN has made, and will continue to make, substantial preparations in connection with its request for FDA approval of its ANDA Products.

21. Upon FDA approval of MSN's ANDA, MSN will be able to market and sell its ANDA Products in the United States.

22. Exelixis's conduct impairs MSN's ability to market MSN's ANDA Products. MSN thus seeks a declaratory judgment that its ANDA Products do not infringe the '039 patent, and/or that this patent is invalid and/or unenforceable.

## COUNT I

## (Declaratory Judgment of Non-Infringement of the '039 Patent)

23. MSN repeats, re-alleges, and incorporates by reference the allegations in the preceding paragraphs 1-22 as if fully set forth herein.

24. Exelixis alleges ownership of the '039 patent, and Exelixis has brought claims against MSN alleging infringement of the '039 patent.

25. The manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '039 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

26. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the manufacture, use, offer to sell, sale, and/or importation into the United States of the MSN ANDA Product infringes, has infringed, and/or will infringe a valid and enforceable claim of the '039 patent.

27. MSN has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '039 patent and is not liable for such infringement.

28. MSN is entitled to a declaration that the manufacture, use, or sale of MSN's ANDA Product would not infringe any valid or enforceable claim of the '039 patent.

**COUNT II**

**(Declaratory Judgment of Invalidity or Unenforceability of the '039 Patent)**

29. MSN re-alleges and incorporates by reference the allegations in Paragraphs 1-28 of its Counterclaims as though fully set forth herein.

30. Exelixis alleges ownership of the '039 patent, and Exelixis has brought claims against MSN alleging infringement of the '039 patent.

31. One or more claims of the '039 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. The '039 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of MSN's ANDA No. 213878 and/or the commercial marketing of MSN's ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the '039 patent.

34. MSN is entitled to a declaration that all claims of the '039 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, MSN requests judgment in its favor and against Exelixis as follows:

a. Declaring that all claims of the '039 patent are invalid;

b. Declaring that the filing of MSN's ANDA No. 213878 has not infringed and does not infringe any valid and enforceable claim of the'039 patent;

c. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of MSN's ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the '039 patent;

d. Enjoining Exelixis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from threatening or initiating infringement litigation against MSN or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of MSN, or charging it either orally or in writing with infringement of any patent asserted herein against MSN;

e. Enjoining Exelixis and its agents, representatives, attorneys, and those persons in active concert or participation with it who receive actual notice hereof, from interfering with the FDA's approval of ANDA No. 213878;

f. Declaring this an exceptional case in favor of MSN and awarding its attorneys' fees pursuant to 35 U.S.C. § 285;

g. Awarding costs and expenses; and

h. Awarding any and all such other relief as the Court determines to be just and proper.

OF COUNSEL:

Kurt A. Mathas
Bryce A. Cooper
Brian L. O'Gara
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
kmathas@winston.com
bcooper@winston.com
bogara@winston.com

Dated: April 10, 2025

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc.*